## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br>**vs.**<br><br>**$11,262.00 in U.S. CURRENCY,**<br><br>**Defendants.** | **CV 22-86-BMM-JTJ**<br><br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, JUDGMENT, AND ORDER OF FORFEITURE** |

This matter is brought before this Court by Plaintiff, United States, by and through its attorneys, Shannon L. Clarke and Mark S. Smith, Assistant U.S. Attorneys for the District of Montana.   The United States has filed a Motion for Entry of Judgment and Order of Forfeiture pursuant to Fed. R. Civ. P. 55(b)(2). Upon considering the pleadings filed herein, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1.   On September 6, 2022, the United States instituted a judicial forfeiture action by filing a Verified Complaint *In Rem* against the defendant currency in the

1

amount of $11,262.00, to forfeit property under 31 U.S.C. § 5317(c)(2) and 19 U.S.C. § 1595a(c)(1)(A), as currency that constitutes monetary instruments of more than $10,000.00 subject to currency transportation reporting requirements knowingly transported into the United States from or through a place outside of the United States at one time without filing a report with CBP at the time of arrival and as smuggled or clandestinely imported or introduced merchandise in violations of 31 U.S.C. § 5316(b) and 19 U.S.C. § 1595a(c)(1)(A). (Doc. 1).

2.   On September 7, 2022, the United States provided "actual notice" of this civil asset forfeiture action, by mailing the Notice of Complaint for Forfeiture *In Rem* (Doc. 2) and Verified Complaint *In Rem* (Doc. 1) to Robertin Dinu via first class U.S. mail and Certified mail, to the address he provided in his administrative claim as well as the address provided by law enforcement. (See Doc. 8, Ex. 1-2).

3. On October 12, 2022, the U.S. Customs and Border Patrol executed the Warrant of Arrest in Rem (Doc. 4) that was issued by this Court on September 7, 2022, and arrested the defendant currency.    (Doc. 5).

4.   Notice of this forfeiture action was also provided to known and unknown potential claimants by publishing on the government's asset forfeiture website the Notice of Forfeiture Action for 30 consecutive days, beginning on September 8, 2022, and ending on October 7, 2022.    The "Notice of Forfeiture Action" provides in pertinent part as follows:

2

Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (September 8, 2022) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter. . . .   (Decl. of Publication, Doc. 6, Att. 1).

5.   Upon considering the United States' Motion for Entry of Default of Known Potential Claimants (Doc. 7) and Declaration filed in support of the Motion (Doc. 8), the Clerk of District Court entered the default of Robertin Dinu on October 21, 2022, for failure to timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules.   (Doc. 9).

6.   Upon considering the United States' Motion for Entry of Default of Unknown Potential Claimants, (Doc. 10) and Declaration filed in support of the Motion (Doc. 11), the Clerk of District Court entered the default of unknown potential claimants, on November 8, 2022, for failure to timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules. (Doc. 12).

7.   The factual allegations set forth in paragraphs 1 through 18 of the Verified Complaint for Forfeiture *In Rem* are verified by Customs and Border Patrol Agent David Entrot.   (Doc. 1)

Based upon the foregoing findings of fact, the Court makes the following conclusions of law.

CONCLUSIONS OF LAW

8.    The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1345 and 1355.   The United States has filed a Verified Complaint for Forfeiture *In Rem* to forfeit the defendant currency under 31 U.S.C. § 5317(c)(2) and 19 U.S.C. § 1595a(c)(1)(A), as currency that constitutes monetary instruments of more than $10,000.00 subject to currency transportation reporting requirements knowingly transported into the United States from or through a place outside of the United States at one time without filing a report with CBP at the time of arrival and as smuggled or clandestinely imported or introduced merchandise in violations of 31 U.S.C. § 5316(b) and 19 U.S.C. § 1595a(c)(1)(A).

9.    Pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(b) or (c), venue is proper in this district because this is a civil proceeding to forfeit United States currency found in this district, and the acts or omissions complained of occurred in this district.

10.    Civil forfeitures are governed by the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.   *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1149 n.2 (9th Cir. 2002).

11.    The Verified Complaint for Forfeiture *In Rem* sets forth detailed facts to support a reasonable belief that the United States will be able to meet its burden

4

of proof at trial as required by Supplemental Rule G(2)(f), to support probable cause, and to provide proof by a preponderance of the evidence to seize and arrest the defendant currency described in the verified complaint.    The facts contained in the verified complaint support the institution of these forfeiture proceedings for a knowing and willful violations of 31 U.S.C. § 5316(b) and 19 U.S.C. § 1595a(c)(1)(A) and are subject to forfeiture under 31 U.S.C. § 5317(c)(2) and 19 U.S.C. § 1595a(c)(1)(A).

12.    The totality of circumstances as set forth in the Verified Complaint in Rem, demonstrates that there is a substantial connection that the defendant currency constitutes monetary instruments of more than $10,000.00 subject to currency transportation reporting requirements knowingly transported into the United States at one time without filing a report with CBP at the time of arrival in violations of 31 U.S.C. § 5316(b) and 19 U.S.C. § 1595a(c)(1)(A).

13.    Notice of this action was properly provided to known potential claimant, Robertin Dinu, by providing "actual notice" by mailing the Verified Complaint In Rem, in accordance with Supplemental Rule G(4)(b)(v).

14.    Notice by publication was also provided to known and unknown potential claimants in accordance with Supplemental Rule (G)(4)(a)(iv)(C).

15.    In accordance with Fed. R. Civ. P. 55(a) and Supplemental Rules A(2) and G(5), the Clerk of District Court properly entered the defaults of Robertin

Dinu and any unknown claimants.

16.    Pursuant to Fed. R. Civ. P. 55(b)(2) the United States is entitled to a judgment of default against the defendant currency in the amount of $11,262.00, as to any claims to the defendant currency.

17.    The United States is further entitled to an order of forfeiture of the defendant currency in the amount of $11,262.00.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.    The United States is granted judgment against the defendant currency in the amount of $11,262.00, and against any person asserting a claim to, or interest in, the defendant currency.

2.    The defendant currency consisting of $11,262.00, is hereby forfeited to the United States and shall be disposed of in accordance with the law.

**DATED** this 7th day of December, 2022.


_____
Brian Morris, Chief District Judge
United States District Court